IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT McMAHON, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | NO. 06-CV-1350 |
| | : | |
| v. | : | |
| | : | |
| VINCENT LOWRY, | : | |
| MICHAEL SPOKONY, | : | |
| SMITH BARNEY, INC., and | : | |
| CITIGROUP GLOBAL MARKETS, INC., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

BUCKWALTER, S. J.                                                                                               March 19, 2007

       The Defendants Smith Barney, Inc. and Citigroup Global Markets, Inc. ("Smith Barney") have filed a motion to require the Plaintiff Robert McMahon ("McMahon") to submit his claims to arbitration. (Docket No. 25). Neither Defendants Vincent Lowry nor Michael Spokony oppose Smith Barney's motion and consent to compelling arbitration in this matter. (Docket Nos. 28, 29). Plaintiff filed a response in opposition to Smith Barney's motion to compel arbitration. (Docket No. 30).

       Plaintiff first brought this action in March, 2006 and asserted various fraud-based claims against Defendants Spokony and Lowry under a Joint Production Agreement for commissions on transactions undertaken while the parties were employed at Smith Barney. Smith Barney is a broker-dealer and a member of the National Association of Security Dealers

("NASD").[1]  All of Smith Barney's registered representatives are registered with the NASD, including Plaintiff Robert McMahon.  In 1989, McMahon executed a Uniform Application for Securities Industry Registration or Transfer ("Form U-4") transferring his securities license to Smith Barney.  Through the execution of the Form U-4, Plaintiff agreed to mandatory arbitration before the NASD for disputes among members and associated persons arising out of his employment with Smith Barney.

> The Form U-4 specifically provides:
>
> I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person that is required to be arbitrated under the rules, constitutions, or by-laws of the organizations with which I register, as indicated in item 10 as may be amended from time to time.[2]

The NASD is among the organizations with which Plaintiff is registered.  Thus, in his U-4 documentation, Plaintiff agreed to submit to arbitration any claims which were required to be arbitrated under the governing rules and regulations of the NASD.  Rule 10101 of the NASD Code of Arbitration specifically requires mandatory arbitration for

> [A]ny dispute, claim or controversy arising out of or in connection with the business of any member of the [NASD], or arising out of the employment or termination of employment of associated person(s) with any member, with the exception of disputes involving the insurance business of any member which is also an insurance company; (a) between or among members; (b) between or among members and associated persons; (c) between or among members or associated persons and public customers, or others. . . ."[3]

---

1.   The following facts are derived from Smith Barney's Memorandum of Law accompanying its Motion to Compel Arbitration (Docket No. 25), primarily from Exhibit B, Declaration of Thomas M. Mierswa, Jr. Esq.

2.   Mierswa Decl., Def. Ex. B, page 4, ¶5.

3.   NASD Manual § 10101 (2006).

Smith Barney is a member of the NASD. McMahon and Defendant Michael Spokony are "associated persons" of the NASD, and Lowry was an "associated person" of the NASD at all times relevant to this action. Plaintiff's claims stem from commissions allegedly due to him on transactions while working at Smith Barney and appear to be employment-related. Thus, the matter is plainly fit for arbitration.

Plaintiff makes a number of arguments in opposition to Smith Barney's motion. First, Plaintiff claims that the agreement at issue contains a jurisdictional provision conferring federal or state court jurisdiction for disputes arising from the agreement. Second, Plaintiff asserts that compelling arbitration is unconscionable. Third, Plaintiff asserts that the claims at issue are not employment claims and therefore do not fall under Smith Barney's mandatory arbitration policy. Finally, Plaintiff argues that jurisdiction should not be disturbed as there is no reasonable basis in fact supporting the claims against Smith Barney.

The Court has considered Plaintiff's arguments and finds that they are outweighed by the language in the Form U-4 in which Plaintiff agreed to submit to arbitration his claims against NASD members and associated persons for disputes arising out of his employment. Furthermore, Plaintiff fails to provide any reasons why the Court should ignore the Form U-4 executed by Plaintiff. In fact, he never even addresses the Form U-4 in his memorandum. Finally, the Court notes that transferring Plaintiff's claims to arbitration is consistent with federal policy. <u>Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.</u>, 460 U.S. 1, 24-25 (1983) (noting that "any doubts concerning the scope of arbitration should be resolved in favor of arbitration.").

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT McMAHON, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | NO. 06-CV-1350 |
| | : | |
| v. | : | |
| | : | |
| VINCENT LOWRY, | : | |
| MICHAEL SPOKONY, | : | |
| SMITH BARNEY, INC., and | : | |
| CITIGROUP GLOBAL MARKETS, INC., | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

AND NOW, this 19th day of March, 2007, it is hereby **ORDERED** that Defendants Smith Barney, Inc. and Citigroup Global Markets, Inc.'s ("Smith Barney") Motion to Compel Arbitration (Docket No. 25) is **GRANTED**. Plaintiff shall proceed to arbitrate his claims against Defendants in accordance with the governing contracts. This litigation is **STAYED** pending submission and disposition of the underlying matter in arbitration.

In light of this ruling transferring the matter to arbitration, Plaintiff Robert McMahon's Motion to Compel Defendant Michael Spokony to Make Full and Complete Responses to Plaintiff's First Request for Production of Documents (Docket No. 36) is **DENIED**.

Furthermore, Plaintiff's Motion to Stay NASD Proceedings (Docket No. 33) is **DENIED**.

BY THE COURT:

*s/ Ronald L. Buckwalter, S. J.*
RONALD L. BUCKWALTER, S.J.